SO ORDERED.

SIGNED this 15th day of January, 2026.



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

*Designated for Online Publication*
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re:  | |
|---|---|
| **Ryan Ray Lamb,** | Case No. 22-40445 |
| Debtor. | Chapter 13 |

### Memorandum Opinion and Order Denying Motion for Order to Show Cause

Debtor Ryan Ray Lamb asks the Court to determine whether the Kansas Department of Revenue violated the § 362 automatic stay when it allegedly refused to reinstate Debtor's driver's license, allegedly failed to follow its own reinstatement procedures, and allegedly refused to reinstate the license in contravention of Kan. Stat. Ann. § 8-2110. The Court determines that, even if accepted as true, the Department's alleged actions were mere failures to act and accordingly, were not in violation of the stay.

I.   Procedural Posture

Debtor, by counsel Frank D. Taff, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 1, 2022.[1] On June 15, 2023, Debtor's Chapter 13 Plan of reorganization was confirmed. On April 30, 2025, Debtor filed the *Motion for Show Cause*[2] wherein he argued that Creditor Kansas Department of Revenue[3] should show cause why failure to reinstate Debtor's driver's license is not a violation of the automatic stay. The Department objected to the Motion.[4] On July 10, 2025, the Court held a preliminary hearing to consider the Motion and heard the argument of the parties.

After reviewing the record and briefs of the parties, the Court determined that the parties should present additional argument and authority concerning (1) Debtor's assertion that Kan. Stat. Ann. § 8-2110(h) applies; (2) the specific nature of the remaining debts owed to the Department; (3) the Department's position concerning dischargeability of sanctions for license revocation; and (4) to determine whether the parties sought determination of whether the stay was violated or merely an order for the Department to show cause.[5]

On January 8, 2026, the Court held a second preliminary hearing and heard the argument of the parties. The parties informed the Court that the Debtor's license has been reinstated and agreed that the Court should determine, on the merits,

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.
[2] Doc. 43; together with Debtor's supplementary pleadings, Docs. 47 and 48, the "Motion").
[3] The "Department", by counsel Charles P. Bradley
[4] Doc. 50
[5] See *Order Setting and Notice of Status Conference*, Doc. 57.

2

whether the Department's alleged actions prior to reinstatement, if subsequently proven, violated the automatic stay. The Court took the Motion under advisement on that basis.

II. Facts[6]

For the limited purpose of ruling on the Motion only, the Court finds:

Over 12 years ago,[7] Debtor was convicted of Driving Under the Influence. Debtor was subsequently issued and did not pay several traffic citations. His driver's license was suspended under state law and remained suspended when Debtor filed this case on August 1, 2022.

On August 8, 2022, the Department filed two proofs of claim. Claim 1-1 is an unsecured, non-priority claim for $1,016.22 and is for "Traffic court costs, fines & fees." Attached to Claim 1-1 is a "Statement of Account" that shows "Principal: $752 *non-dischargeable*," and "Fees: $264.22." Claim 2-1 is also an unsecured, non-priority claim for "Traffic court costs, fines, and fees" but for $617.57. Attached to Claim 2-1 is a "Statement of Account" that shows "Principal: $457.00 [non-dischargeable]," and "Fees: 160.57." There have been no objections to either claim and both claims are to be treated as unsecured, non-priority claims under the confirmed Chapter 13 Plan.

---

[6] The Court takes judicial notice of its docket in this case. See *Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010) ("We take judicial notice of court records in the underlying proceedings."); *U.S. v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[7] The record is unclear whether Debtor was first convicted in 2011, 2012, or in both. The parties agree that he was convicted.

3

On June 27, 2023, the Department issued guidance to practitioners wherein it outlined its procedure to reinstate suspended driver's licenses in Chapter 13 cases "where possible." The guidance notes that "[a]ll citation-related suspensions for which the debtor owes fines and which have been included in the plan will be lifted" if a Debtor follows the steps outlined therein. But, it also says:

> Note that certain traffic violations, such as driving while suspended, require the offender to appear in court to resolve the offense. Additionally, if the license is suspended or revoked for any other reason (such as a DUI or habitual violator), that sanction cannot be lifted by a bankruptcy filing.

Debtor alleges that he followed all the steps set forth in the guidance document but the Department refuses to reinstate the license. He alleges that the Department is not following its own procedures for reinstatement and that it is in violation of Kan. Stat. Ann. § 8-2110, which he believes required the reinstatement of the license five years after the date of conviction.

The Department alleged that "[a]ny suspensions on the debtor's license related to unpaid traffic tickets have been stayed," but that "[t]he only thing affecting the debtor's license is an unpaid DUI reinstatement fee and retesting."[8] The parties agree that the Debtor has now paid the DUI reinstatement fee and completed the retesting and that the license suspension has been lifted.

III.  Legal Standard – Motions to Enforce the Automatic Stay

This matter comes before the Court upon the agreement of the parties as a motion to enforce the automatic stay. Debtor asks that the Court find that the

---

[8] *KDOR Case Status Update and Response to Motion for Show Cause Order*, Doc. 50, ¶ 1.

4

Department's alleged failure to reinstate Debtor's driver's license before it was ultimately reinstated was in violation of § 362(a). Debtor asks for an order awarding Debtor damages, costs, attorney's fees, and punitive damages pursuant to 11 U.S.C. § 362(h) or "other applicable laws."

Under § 362(a), a bankruptcy petition operates as a stay of virtually all attempts to collect a debt against the Debtor.[9] Although stay violations may present themselves in almost unlimited form, the Supreme Court recently made clear in *City of Chicago v. Fulton*,[10] that an "act" in violation of the automatic stay is "something more than merely retaining power."[11] The automatic stay "prohibits affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed."[12]

In *Fulton*, the City of Chicago did not violate the automatic stay when it impounded several debtors' cars before their bankruptcies and merely retained possession of the cars after their Petitions were filed. The court found that mere retention was not an "act" under § 362, and any ambiguity was resolved by a separate provision in the Bankruptcy Code that expressly governed the relief requested. The court held that § 542 provides for the affirmative turnover of property of the estate that, if properly invoked, would have returned the cars to the Debtors, providing the relief sought.

---

[9] 11 U.S.C. § 362(a)(1)
[10] *City of Chicago, Illinois v. Fulton*, 592 U.S. 154 (2021)
[11] *Id.* at 159
[12] *Id.* at 158

5

IV.  Analysis and Conclusions of Law

Debtor alleges that the Department violates the stay by refusing to reinstate the license, failing to follow its own reinstatement procedures, and refusing to reinstate the license in contravention of Kan. Stat. Ann. § 8-2110 (together, the "Allegations"). The parties agree that the license has been reinstated. Accordingly, the Court limits its analysis to whether the Department's alleged actions violated the stay during the period after the bankruptcy case was filed until the reinstatement.

Debtor does not indicate which provision under § 362(a) he believes the Department violated, but none of the Allegations are "actions" as contemplated ~~therein and~~ under *Fulton*. Failure to reinstate, failure to follow its own procedures, and failure to apply Kan. Stat. Ann. § 8-2110 are not "affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed."[13] They are mere refusals to act, much like the refusal of the City of Chicago to release the impounded cars in *Fulton*.

Although *Fulton* can produce harmful results, the Debtor was not without recourse for seeking reinstatement of his driver's license upon filing the bankruptcy case. The Court's opinion is bolstered, as was the *Fulton* court's, by the existence of a bankruptcy code provision expressly addressing Debtor's concerns.  Section 525(a) protects debtors from governmental entities refusing to reinstate licenses because a debtor files a bankruptcy petition or because they refuse to pay a dischargeable debt.[14] Whether the Department violated § 525(a) by refusing to immediately

---

[13] *Fulton*, 592 U.S. at 158-9.
[14] § 525(a) reads, in relevant part:

6

reinstate the license and whether the Department's claims are nondischargeable are not before the Court and, accordingly, are not determined herein. Similarly, it is not before the Court to determine whether the Department violated its own policies or whether and to what extent Kan. Stat. Ann. § 8-2110 applies.

V. Conclusion and Order

The Department's alleged failure to reinstate Debtor's driver's license, alleged failure to follow its own reinstatement procedures, and alleged refusal to reinstate Debtor's driver's license in contravention of Kan. Stat. Ann. § 8-2110, even if subsequently proven, are not actions prohibited by the § 362 automatic stay. Because the Department did not violate the automatic stay, Debtor's request for damages, costs, attorney fees, and punitive damages[15] must be denied.

WHEREFORE, THE COURT ORDERS that for the reasons set forth herein, the Motion is denied.

It is so ordered.

### 

---

… [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to … a person that is or has been a debtor under this title or a bankrupt … solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

[15] Debtor's request for relief under § 362(h) appears to be a mistake as that section deals with termination of the stay under certain circumstances, irrelevant here. Section 362(k) is the cost-shifting and punitive damages provision regarding violations of the stay. Relief under that section is also denied.